# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CASHMERE D. JOHNSON, | CASE NO. 1:19 CV 1629 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| | **OPINION AND ORDER** |
| WARDEN ERIC IVEY, *et al.*, | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Cashmere D. Johnson filed this action under 42 U.S.C. § 1983 against former Cuyahoga County Jail Warden Eric Ivey, former Cuyahoga County Jail Director Ken Mills, Cuyahoga County Executive Armond Budish, and the Cuyahoga County Jail Medical Department. In the Complaint, Plaintiff complains of conditions he experienced when he was housed in the Cuyahoga County Jail. He seeks monetary damages.

## I. BACKGROUND

Plaintiff alleges he was brought to the Cuyahoga County Jail from the Cleveland City Jail on September 24, 2015. He remained there for approximately eight months. He contends he slept on the floor in a worn mat, experienced red zone lock downs, was denied regular showers and was exposed to mold in the showers. He alleges he was denied regular telephone privileges, and was denied access to a doctor for mental health treatment. He indicates he was

deprived of meals for punishment and was assaulted by corrections officers. He seeks damages for pain and suffering. Plaintiff was released from prison on August 23, 2019.

## II. LAW AND ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

The time period for filing a federal civil rights action based on these incidents has expired. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). The actions alleged in the Complaint took place between September 2015 and the spring of 2016. This action was filed on July 17, 2019, well beyond the expiration of the two-year statute of limitations period. The expiration of the statute of limitations period is an affirmative defense that generally must be raised by the Defendants in a responsive pleading. Fed.R.Civ.P. 8(c)(1). If, however, it is clear from the face of the Plaintiff's Complaint that relief is barred, the Complaint may be dismissed, *sua sponte*, at the screening stage. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Because it is apparent that this action is clearly time-barred, there would be no purpose in allowing this matter to go forward. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming *sua sponte* dismissal of *pro se* §1983 action filed after two year statute of limitations for bringing such an action had expired).

### III. CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not

IT IS SO ORDERED.

s/ Christopher A. Boyko
---
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE
Date: November 7, 2019

---

taken in good faith.